UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NICHOLSON,<br><br>    Plaintiff,<br><br>    v.<br><br>D. SANDO,<br><br>    Defendant. | Case No. 19-07791 EJD (PR)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DENYING MOTION TO STAY DISCOVERY AS MOOT**<br><br>(Docket Nos. 20, 21) |

    Plaintiff, a California state prisoner, filed a pro se civil rights complaints under 42 U.S.C. § 1983 against Correctional Officer D. Sando at Salinas Valley State Prison ("SVSP"), where he was formerly housed. Dkt. No. 1. The Court found the complaint, liberally construed, stated cognizable Eighth Amendment claims, and ordered the matter served on Defendant. Dkt. No. 14.

    Defendant Sando filed a motion for summary judgment asserting that Plaintiff failed to exhaust administrative remedies before filing this suit. Dkt. No. 20.[1] Defendant

---

[1] In support of the motion, Defendant provides the declaration of non-party Howard Moseley, Associate Director of the Office of Appeals for the California Department of Corrections and Rehabilitation ("CDCR"), along with exhibits, Dkt. No. 20-2, and non-party T. Lee, Appeals Examiner for the Office of Appeals, Dkt. No. 20-3.

also requests the Court take judicial notice of the 2019 Department Operations Manual for the CDCR, section 54100.1, Modifications Orders. Dkt. No. 20-4, Ex. 1. Because the facts therein can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, the request is GRANTED. See Fed. R. Evid. 201(b)(2); City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004). Plaintiff filed a single page opposition, Dkt. No. 22, and Defendant filed a reply, Dkt. No. 23. For the reasons discussed below, Defendant's motion for summary judgment is **GRANTED**.

## DISCUSSION

### I.   Statement of Facts[2]

#### A.   Plaintiff's Claim

Plaintiff claims that on July 29, 2019, Defendant Correctional Officer D. Sando used pepper spray on him while Plaintiff was merely attempting to walk into his cell. Dkt. No. 1 at 11. Plaintiff claims he had on mechanical waist restraints at the time. Id. Plaintiff claims that after the incident, he was not allowed to shower and properly decontaminate, resulting in the loss of vision and breaching problems. Id. Plaintiff claims Defendant's actions violated the Eighth Amendment because he maliciously and sadistically used pepper spray to cause harm, and that Defendant's refusal to allow Plaintiff to shower and decontaminate showed a total disregard to the harm he exposed Plaintiff to and jeopardized his health and safety. Id. at 15. The Court found the allegations stated cognizable Eighth Amendment claims for excessive force based on the unwarranted use of pepper spray, see Hudson v. McMillian, 503 U.S. 1, 8 (1992), and the deliberate indifference to Plaintiff's health, see Helling v. McKinney, 509 U.S. 25, 31 (1993). Dkt. No. 14 at 2.

///

---

[2] The following facts are undisputed unless otherwise indicated.

2

### B. Administrative Grievance

According to the papers filed with his complaint, Plaintiff submitted an administrative appeal on July 29, 2019, in which he claimed that at 8:00 a.m. that morning, Defendant Sando "push[ed] me in the cell, sprayed me [with pepper spray], sprayed me again in my left eye and kick[ed] me in my buttocks one time then left me in contaminated cell for one hour" before he was "put [] in the show[er]." Dkt. No. 1 at 48, 50. Plaintiff indicated that the subject of his appeal was "complaint on staff" and he requested "[t]o be financially compensated for unnecessary use of force." Id. at 48. The appeal was assigned Log No. SVSP-L-19-04028, processed as a staff complaint, and accordingly, bypassed at the first level of review on July 30, 2019. Id. at 48, 60-61. The appeal was partially granted at the second level of review on October 9, 2019. Id. at 60-61. In the second level appeal decision, Plaintiff was informed that a confidential inquiry had been conducted, and that staff was found not to have violated CDCR policy with respect to one or more of the issues appealed. Id. at 61. Plaintiff was informed that "[a]llegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process." Id. The second level decision ended with the following paragraph:

> If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Id. The records of the Office of Appeals do not show that Plaintiff submitted inmate appeal Log No. SVSP-L-19-04028 to the third level of review. Mosely Decl. ¶¶ 7-8. Dkt. No. 20-2.

According to the complaint, Plaintiff believed that the partial granting of the appeal at the second level of review on October 9, 2019, "exhausted all available and unavailable remedies within CDCR." Dkt. No. 1 at 13.

///

## II. **Summary Judgment**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Cattrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  See Celotex Corp., 477 U.S. at 323.  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.  If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted.  See Liberty Lobby, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted).  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Id. at 323.

The Court's function on a summary judgment motion is not to make credibility

4

determinations or weigh conflicting evidence with respect to a material fact.  See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party.  See id. at 631.  It is not the task of the district court to scour the record in search of a genuine issue of triable fact.  Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment.  Id.  If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party.  See id.; see, e.g., Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028-29 (9th Cir. 2001).

### A.     Exhaustion

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory and no longer left to the discretion of the district court.  Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).  "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id.  Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies.  Id. at 85-86 (citing Booth, 532 U.S. at 734). The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  Id. at 93.  An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending.  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where

5

administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). Under the current regulations, in order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 (referred to as a "602") and proceed through three levels of appeal: (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee. Id. § 3084.7.

Failure to exhaust under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA), is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204, 216 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Id. at 215-17. In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).[3]

The defendant's burden is to prove that there was an available administrative

---

[3] In Albino, the Ninth Circuit, sitting en banc, overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the PLRA, should be raised by a defendant as an unenumerated Rule 12(b) motion. Albino, 747 F.3d at 1166. "[A] failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." Id.

6

remedy and that the prisoner did not exhaust that available administrative remedy. Id. at 1172; see id. at 1176 (reversing district court's grant of summary judgment to defendants on issue of exhaustion because defendants did not carry their initial burden of proving their affirmative defense that there was an available administrative remedy that prisoner plaintiff failed to exhaust); see also Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005) (as there can be no absence of exhaustion unless some relief remains available, movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting results of relief already granted as result of that process). Once the defendant has carried that burden, the prisoner has the burden of production. Albino, 747 F.3d at 1172. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Id. But as required by Jones, the ultimate burden of proof remains with the defendant. Id.

Defendant argues that Plaintiff failed to exhaust administrative remedies with respect to the claims against him because Plaintiff failed to pursue his appeal through all levels of appeal, which includes the third level of review, before filing suit. Dkt. No. 20 at 5. Defendant argues that there was still pertinent relief available to Plaintiff after the second level decision was issued because the third level of review could have found deficiencies in the second level of review's decision and requested the second level provide an amended response. Dkt. No. 20 at 6-7. Defendant provides the declaration of Captain Lee, an Appeals Examiner at the Office of Appeals for nearly five years, who has personally seen numerous amended decisions that changed the institutional determination from "staff did not violate CDCR policy" to "staff did violate CDCR policy" after a staff complaint was sent back to the second level for an amended response. Lee Decl. ¶¶ 1, 3; Dkt. No. 20-4.

In opposition, Plaintiff merely asserts that remedies were exhausted when "602 was partially granted which he believes was an "admission to guilt" and therefore "no reason to

7

go to next level." Dkt. No. 22 at 1. In reply, Defendant asserts that he has demonstrated that pertinent relief remained available to Plaintiff after the partial grant at the second level of review. Dkt. No. 23 at 2. Plaintiff's burden was then to show that existing and generally available administrative remedies were effectively unavailable to him. Id. Because Plaintiff failed to meet that burden, Defendant asserts that the Court should grant his motion in its entirety. Id. at 3.

Viewing the undisputed evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff failed to properly exhaust administrative remedies for his claim against Defendant Sando. The CDCR regulations provide that exhaustion of administrative remedies requires a prisoner to submit his 602 form through three levels of appeal, concluding with the third level of review. Cal. Code Regs. tit. 15, § 3084.7. It is undisputed that Plaintiff did not submit his grievance to the third level of review. See supra at 3. Plaintiff asserts that the partial grant at the second level of review was an "admission of guilt" and therefore there was no reason to go to the next level. Dkt. No. 22 at 1. Plaintiff is simply mistaken. As stated above, the regulations clearly state that exhaustion of administrative remedies requires that a grievance be submitted all the way through the third level of review. Furthermore, the second level of appeal decision clearly notified Plaintiff that to exhaust administrative remedies, he must submit his staff complaint "through all levels of appeal review up to, and including, the Secretary's/Third Level of Review" and that administrative remedies would be considered exhausted "[o]nce a decision has been rendered at the Third Level." See supra at 3; Dkt. No. 1 at 61. However, he did not do so. Accordingly, Defendant has carried his burden of demonstrating that there was an available administrative remedy remaining to Plaintiff in that he could have appealed to the third level of review, and that Plaintiff did not exhaust that available remedy. Albino, 747 F.3d at 1172. The burden therefore shifted to Plaintiff to come forward with evidence showing that there was something in his particular case that made the existing and generally available administrative remedies effectively unavailable

to him.  Id.  Plaintiff has failed to do so.

Based on the foregoing, Defendant has shown that Plaintiff failed to properly exhaust all available administrative remedies with respect to the Eighth Amendment claims against him.  Plaintiff has failed in opposition to show that there was something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him or that he was incapable of filing a timely appeal.  Albino, 747 F.3d at 1172.  Accordingly, Defendant is entitled to summary judgment under Rule 56 based on Plaintiff's failure to exhaust administrative remedies.  Id. at 1166.

## CONCLUSION

For the reasons stated above, Defendant D. Sando's motion for summary judgment is **GRANTED**.  Dkt. No. 20.  The Eighth Amendment claims against him are **DISMISSED** for failure to exhaust administrative remedies.  See Albino, 747 F.3d at 1166.  The motion to stay discovery is **DENIED** as moot.  Dkt. No. 21.

This order terminates Docket Nos. 20 and 21.

**IT IS SO ORDERED.**

Dated: 3/5/2021

EDWARD J. DAVILA
United States District Judge

Order Granting Def's' MSJ; Deny Motion as Moot
PRO-SE\EJD\CR.19\07791Nicholson_grant.msj(exh)